# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN R. BARKHORN, | : | Civil No. 1:18-CV-02173 |
| Plaintiff, | : | |
| v. | : | |
| THE ESTATE OF BRIAN P. SHILEY, JR., and JOHN DOE 1-10 (a fictitious designation), | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant the Estate of Brian P. Shiley, Jr.'s ("the Estate") unopposed second motion for sanctions against Plaintiff Jonathan Barkhorn ("Barkhorn"). (Doc. 44.) The court holds that dismissal is an appropriate sanction because Barkhorn's history of dilatoriness, the prejudice suffered by the Estate, and the ineffectiveness of other sanctions weigh in favor of dismissal in this instance. For the reasons that follow, the court grants the Estates's second motion for sanctions and dismisses this case with prejudice.

### FACTUAL BACKGROUND[1]

On July 22, 2016, Brian P. Shiley Jr. ("Shiley") and Barkhorn were involved in a single vehicle accident on Interstate 83 in Springettsbury Township, York

---

[1] These facts were taken from the complaint, the answer, the Estate's unopposed motion to compel discovery, and the Estate's second motion for sanctions. (Docs. 1, 6, 32, 45.)

1

County, Pennsylvania. (Doc. 45, p. 6.)[2] Barkhorn was a passenger in Shiley's car and both were intoxicated at the time of the accident. (*Id.*) Shiley passed away as a result of this accident. Barkhorn was taken to York Hospital where he had "no obvious or serious injuries," and was released the next day. (Doc. 32-2.) His next known medical visit was two years later, when he was treated for back injuries stemming from the accident. (Docs. 32-2; 32-3.) In the complaint, Barkhorn alleges Shiley negligently operated the vehicle. (Doc. 1.) In the Estate's answer, it is alleged that Barkhorn was contributorily negligent or assumed the risk by getting in the car with an intoxicated driver and that Barkhorn is not entitled to damages. (Doc. 6.)

## PROCEDURAL HISTORY

Barkhorn, through counsel, initiated this suit via complaint in the United States District Court for the District of New Jersey on July 23, 2018. (Doc. 1.) The Estate filed an answer and a letter requesting venue be transferred to the United States District Court for the Middle District of Pennsylvania on September 27, 2018. (Docs. 5, 6.) On October 23, 2018, United States Magistrate Judge Leda D. Wettre signed an order transferring this case to the Middle District of Pennsylvania where it was assigned to United States District Judge Yvette Kane on November 9, 2018. (Doc. 9.)

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Upon receiving the case, Judge Kane issued an order scheduling a case management conference for March 8, 2019. (Doc. 12.) The order also required a joint case management plain to be submitted on or before March 1, 2019. (*Id.*) Barkhorn did not submit a timely case management plan. (Doc. 39-1, p. 2.) Following the case management conference, the case was referred to mediation. (Doc. 15.) Barkhorn failed to respond to scheduling requests from the mediator, but mediation was nonetheless scheduled for May 7, 2019. (Doc. 39-1, p. 2.) On April 24, 2019, Barkhorn and his counsel failed to appear at Barkhorn's scheduled deposition. (Doc. 39-3). After these failures to comply with court orders and discovery, the Estate requested a discovery conference. (Doc. 45, p. 3.)

The discovery dispute was referred to United States Magistrate Judge Joseph F. Saporito, Jr., who held a discovery conference on May 6, 2019. (*Id.*) After this conference, Judge Saporito set deadlines for Barkhorn to produce initial disclosures and appear for a deposition and additionally ordered Barkhorn's counsel to file an application for *pro hac vice* admission to the Middle District bar by May 24, 2019. (*Id.* at 3–4.) Barkhorn's counsel did not file the application. (*Id.* at 4.)

Barkhorn's deposition was rescheduled and he appeared for the deposition on June 10, 2019. On June 28, 2019, a mediation conference was convened, but did not result in settlement. (Doc. 25.) At his deposition, Barkhorn claimed that

he worked for several employers before and after the accident. (Doc. 32-4.) However, some of the employers indicated that they had no record of Barkhorn working with them. (Doc. 32-6.) Because of these responses, the Estate served Barkhorn with a request for production of documents that included a request for Barkhorn's tax returns on July 30, 2019. (Doc. 32-1.) However, Barkhorn did not provide a timely response. Thus, the Estate filed a motion to compel discovery on September 20, 2019. (Doc. 26.) This motion was referred to Judge Saporito on September 25, 2019. (Doc. 28.)

After a discovery conference with Judge Saporito, the Estate filed a brief in support of their motion to compel discovery. (Doc. 32.) A timely response by Barkhorn was not received, and thus Judge Saporito ordered Barkhorn to file a brief in opposition by November 6, 2019, and again ordered Barkhorn's counsel to file for *pro hac vice* admission by the same date. (Doc. 33.) Neither Barkhorn nor his counsel complied with Judge Saporito's order. (Doc. 45, p. 5.)

The Estate's motion to compel discovery was granted on November 7, 2019, and Barkhorn was ordered to "produce all federal income tax returns . . . for each of the five years preceding the date of the accident giving rise to this suit, the year of the accident, and for each year thereafter to the present." (Doc. 37, p. 3.) Barkhorn never complied with this order. (Doc. 39-5.)

On December 10, 2019, the Estate filed a motion for sanctions and brief in support, requesting the dismissal of this suit. (Docs. 38, 39.) Following the filing of the motion for sanctions, the court scheduled a telephone conference for April 20, 2020. (Doc. 40.) The court held that telephone conference on the scheduled date and time, but Plaintiff's counsel failed to appear or contact the court to reschedule the conference. During the telephone conference, both the court's clerk and Defendant's counsel attempted to reach Plaintiff's counsel and were unsuccessful. (*Id.*) Defendant's counsel noted that he had not heard from Plaintiff's counsel since December 2019.

On April 23, 2020, the court granted the Estate's motion for sanctions and issued an order dismissing Barkhorn's counsel from the case. The court permitted Barkhorn to retain new counsel, and directed counsel to file a notice of appearance or Barkhorn to file a notice of intent to proceed *pro se* within fourteen days after service of the order. (Doc. 42, p. 4.) In this order, notice was provided to Barkhorn that dismissal may be a sanction for failure to comply with the order. (*Id.* at 3.) Barkhorn was served with the order on April 29, 2020. (Doc. 43.) After fourteen days elapsed, neither Barkhorn nor new counsel filed a notice with the court. (Doc. 45.) On May 14, 2020, the Estate filed a second motion for sanctions, as well as a brief in support. (Docs. 45, 46.) No opposition was filed. Thus, the second motion for sanctions is ripe for disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction in civil cases where the matter in controversy exceeds the sum of $75,000 and where the matter is between citizens of different states. Further, venue is appropriate under 28 U.S.C. § 1391.

## STANDARD OF REVIEW

Local Rule 37.1 provides "[i]n addition to the application of those sanctions specified in Local Rule 83.3, the court may impose upon any party or counsel such sanctions as may be just . . . if any party or attorney abuses the discovery process in seeking, making or resisting discovery." M.D. Pa. L.R. 37.1. Local Rule 83.3.1(a) provides:

> In the sound discretion of any judge of this court, after notice and an opportunity to be heard, one or more of the following sanctions may be imposed for failure to comply with any rule or order of court . . . Failure of counsel for any party to appear before the court at any case management conference . . . or otherwise to comply with any of the rules contained herein, or any order of court, maybe considered an abandonment or failure to prosecute or defend diligently, and . . . judgment[] may be entered against the defaulting party either with respect to a specific issue or on the entire case.

M.D. Pa. L.R. 83.3.1(a).

Additionally, the Federal Rules of Civil Procedure allow the court to impose sanctions for misconduct during discovery. Rule 37(d)(1)(A) provides: "The court where the action is pending may, on motion, order sanctions if: a party . . . fails,

after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).  Rule 37(d)(3) provides various appropriate sanctions, including "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(d)(3).  Further, Rule 37(b)(2)(A)(v) provides "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just order.  They may include . . . dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal may also be an appropriate sanction under Rule 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

### DISCUSSION

The Estate seeks dismissal of this case as a sanction against Barkhorn for failing to comply with the court's most recent order to retain new counsel or file notice of intent to proceed *pro se*.  (Doc. 45, p. 7.)  Barkhorn has not filed a brief in opposition to the second motion for sanctions.  Thus, the court will treat the second motion for sanctions as unopposed.  The court concludes that Barkhorn's history of dilatoriness, the prejudice suffered by the Estate, and the ineffectiveness of other

7

sanctions weigh in favor of dismissal of this action. Accordingly, the court will grant the second motion for sanctions and dismiss this case with prejudice.

Allowing dismissal of an action is an "extreme sanction [which is] reserved for the instances in which it is justly merited." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). Thus, the court will analyze whether dismissal is an appropriate sanction according to the *Poulis* factors, which include:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). In analyzing these factors, "no single *Poulis* factor is dispositive . . . [it is also] clear that not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). The court will discuss each factor in turn.

### 1. Extent of the Party's Personal Responsibility

The first factor requires the examination of the party's personal responsibility for the actions at issue, not merely their counsel's actions. *Adams v. Trs. of N.J. Brewery Emps. Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). "As a general rule, a *pro se* litigant is responsible for his failure to comply with

8

court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011).  Here, after the dismissal of counsel as an earlier sanction, Barkhorn is proceeding *pro se*. Therefore, Barkhorn is responsible for his failure to comply with this court's order to retain new counsel or file a notice of intent to proceed *pro se*.  (*See* Doc. 42.) Since he is now proceeding *pro* se, Barkhorn is also responsible for his failure to comply with the court order requiring him to produce his tax returns.  This factor weighs in favor of dismissal.

### 2. Prejudice to the Adversary

The second factor requires the examination of the prejudice to the adversary caused by the failure to comply with court orders.  Evidence of prejudice "bear[s] substantial weight in support of a dismissal or default judgment." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).  Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.*  Prejudice does not need to be "irremediable harm" but "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222.

Here, the Estate has been prejudiced by Barkhorn's failure to respond to this court's order to retain new counsel or file intent to proceed *pro se* because this failure substantially impedes the Estate's ability to proceed with the case.

Barkhorn's failure to respond to the order leaves the Estate with no opposing counsel to interact with and no guarantee that Barkhorn will respond, if he is in fact proceeding *pro se*. Additionally, the Estate has been prejudiced by incurring the costs of having their attorney prepare for a deposition that was not attended and file motions to compel discovery and sanctions, with the requested discovery (tax returns) still not being produced. Therefore, this factor weighs in favor of dismissal.

### 3. History of Dilatoriness

The third factor to examine is the history of dilatoriness. For a history of dilatoriness to be sufficient to favor a dismissal, the conduct must occur more than one or two times. Additionally, the conduct must be evaluated "in light of [the party's] behavior over the life of the case." *Briscoe*, 538 F.3d at 261. There must be "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id*. at 260.

Here, there is a history of dilatoriness throughout the life of this case. This history includes: (1) tardiness in submitting a joint case management plan; (2) failure to attend a deposition; (3) failure to respond to scheduling requests from the mediator; (4) failure to respond to discovery requests; (5) failure to respond to the Estate's motion to compel discovery; (6) failure to respond to the Estate's first

motion for sanctions; (7) two failures of counsel to file for *pro hac vice* admission pursuant to court orders; (8) failure of counsel to appear for a telephone conference with the court on April 20, 2020; and (9) failure to respond to this court's most recent order. (Doc. 45, p. 10–11.)  Since this conduct of responding late or failing to respond altogether has occurred numerous times over the course of this case, there is a clear history of dilatoriness.  Therefore, this factor weighs in favor of dismissal as well.

### 4.  Willful or Bad Faith Conduct

The fourth factor to consider is whether the party's conduct was willful or in bad faith.  For this factor to weigh in favor of dismissal, the conduct at issue must be "willful and not merely negligent or inadvertent." *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).  "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875.

While the Estate believes that Barkhorn is intentionally avoiding his duties, the Estate does not cite to any facts to support that statement. (Doc. 45, p. 11.)  However, Barkhorn's conduct can be described as willful since he failed to respond to a direct order from the court after being personally served with the order. (Doc. 43.)  Moreover, Barkhorn was given the opportunity to respond to the motions to compel discovery and the motions for sanctions in order to explain the

reasons for his conduct, yet failed to do so. Therefore, Barkhorn's conduct appears to be willful, and this factor weighs in favor of dismissal.

### 5. Effectiveness of Sanctions Other Than Dismissal

Since dismissal of a case is an "extreme" sanction, the court must analyze whether other sanctions would "better serve the interests of justice." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3d Cir. 1982). Moreover, "the analysis regarding alternative sanctions does not begin and end with a determination that monetary sanctions are not available." *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019). The sanctions must "be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 136 (3d Cir. 2019). However, "where a plaintiff is proceeding *pro se* . . . [the Third Circuit has] upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'" *Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir. 2008) (citing *Emerson*, 296 F.3d at 191.)

Dismissal is an appropriate sanction in this case for two reasons. First, other sanctions have already been issued in this case. Barkhorn has already received the sanction of having his counsel dismissed from this action. After this sanction was imposed, Barkhorn failed to retain new counsel or respond to the court's direct order. Imposing additional sanctions or prolonging this case through orders

requiring compliance with federal and local rules would be ineffective given the history of the failure to comply with prior orders. *See Kim v. Columbia Cty. Children and Youth Servs.*, No. 4:15-CV-02331, 2016 WL 82577, at *5 (M.D. Pa. Dec. 19, 2016). Second, since Barkhorn is proceeding *pro se*, there is no attorney to impose fees upon for failing to comply with orders, and imposing fees upon Barkhorn himself appears futile. *Id*. Therefore, dismissing this case is appropriate in light of the ineffectiveness of alternative sanctions.

### 6. Meritoriousness of the claim

The sixth and final factor to consider is the meritoriousness of the claim. Meritoriousness of the claim is determined by using the Rule 12(b)(6) standard. Thus, a claim is meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Briscoe*, 583 F.3d at 265. "Where a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the factor may not weigh in favor of the plaintiff." *Adams*, 29 F.3d at 876–77.

Here, Barkhorn sufficiently alleges a cause of action in negligence against the Estate. (Doc. 1.) The Estate raises the defenses of contributory negligence or assumption of risk, and also claims that Barkhorn cannot recover because there were no damages since he was "without any injuries" when he left the hospital. (Doc. 45, p. 13.) Looking at the face of the pleadings, Barkhorn can make out a

prima facie case for negligence and the Estate can raise prima facie defenses. Thus, this factor will be deemed neutral and not dispositive. *Emerson*, 296 F.2d at 191.

### 7. Balancing of *Poulis* factors

As stated above, "no single Poulis factor is dispositive . . . [and] not all of the Poulis factors need to be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (citation omitted). Here, five out of the six factors weigh in favor of dismissal. Although Barkhorn has a potentially meritorious case, he has failed to prosecute his case, resulting in prejudice to the Estate, and dismissal is only the effective remedy remaining. Therefore, dismissal is appropriate.

#### CONCLUSION

For the foregoing reasons, the Estate's second motion for sanctions is granted and this case is dismissed with prejudice. (Doc. 44.) An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: July 14, 2020